IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**LINDA DAVIS and WILLIE LEE**                                                       **PLAINTIFFS**

v.                                               **CIVIL ACTION NO. 3:11cv236-TSL-MTP**

**BOMBARDIER RECREATIONAL PRODUCTS, INC.,**               **DEFENDANTS**
**BRP, U.S., INC., ABC COMPANIES, and JOHN DOES 1-10**

### ORDER

     THIS MATTER is before the Court on Plaintiffs' [54] Third Motion for an Extension of Time to Amend Pleadings or Join Parties; Plaintiffs' [57] Motion to File Second Amended Complaint and Join Additional Defendant; Plaintiffs' [69] Renewed Motion for an Extension of Time to Amend Pleadings or Join Parties or, in the Alternative, Motion to Submit Additional Support for Their Third Motion for an Extension of Time to Amend Pleadings or Join Parties; and Defendants' [74] Motion to Strike Plaintiffs' Second Amended Complaint.  Having considered the record in this case, the submissions of the parties, and the applicable law, the Court finds that the [54] third motion for extension of time to amend pleadings or join parties is moot; the [57] motion to file second amended complaint to join additional defendant should be denied; the [69] renewed motion for extension of time to amend pleadings should be granted in part and denied in part; and the [74] motion to strike the second amended complaint should be granted.

     This Court on two occasions has extended the deadline to file motions to amend pleadings.  *See* Text Only Order dated August 25, 2011 and docket entry [33].  The most recent deadline for such motions was December 1, 2011.

     On November 29, Plaintiffs filed their [54] third motion for extension of time to amend

pleadings or join parties.  The primary reason offered in support of this motion was grounded on Plaintiffs' request that they be allowed to review discovery responses to determine the identity of any additional parties.

As a supplement to this [54] motion, Plaintiffs filed a [69] renewed motion for time to amend pleadings/join parties, alternatively asking for permission to submit additional support for their extension request.  The "additional support" is the identity of "three new entities" recently identified in discovery responses.  These companies–Teleflex Canada, Inc., Teleflex Megatech, Inc. and/or Kongsberg Inc.–are believed to be "in charge of the design, development, manufacturing and supplying the . . . DPS steering system" which is at issue in this litigation. Plaintiffs desire the opportunity to add these parties as defendants.

The defendants who are presently before the Court responded [78] to Plaintiffs' [69] renewed motion.  This response is not materially different from the one [55] submitted in opposition to Plaintiffs' [54] original motion.

The Court finds that good cause exists to allow Plaintiffs additional time to file a motion to amend pleadings and/or join parties for the limited purpose of addressing whether it is appropriate to add the specific companies identified above.  These new companies were only recently identified by Defendants.  Because the Court does not have the benefit of a proposed amended complaint in this regard, Plaintiffs are only being allowed time to submit a request to amend their pleadings.  The parties should understand that this order does not permit Plaintiffs to file an amended complaint, but only allows Plaintiffs to ask the Court to consider any proposed amendment under the applicable legal standards.

The situation is different with regard to Plaintiffs' [57] motion to file second amended

complaint and join additional defendant. This motion was filed on the December 1 deadline for motions requesting leave to amend the pleadings or join parties. On the same day, Plaintiffs filed–without leave of Court–a [58] Second Amended Complaint adding a single defendant, namely Hattiesburg Cycles, Inc. Hattiesburg Cycles is identified as the seller of the motorcycle which is the subject of this products liability case. Its participation as a party in this litigation would defeat diversity of citizenship, thereby depriving this Court of subject matter jurisdiction. Indeed, Plaintiffs followed this [58] Second Amended Complaint with a [70] Motion to Remand. Although the motion to remand was [76] withdrawn and [77] deemed moot, the materials submitted in support of the motion to remand [71] bear on the Court's decision whether the amendment should be allowed.

That material indicates that Plaintiff Linda Davis purchased the motorcycle from Hattiesburg Cycles in 2009. [71]-1. It also shows that said Plaintiff took the motorcycle to Hattiesburg Cycles that same year to be repaired. [71]-2. In other words, the alleged involvement of Hattiesburg Cycles was known to Plaintiffs when the original complaint was filed in March 2011 in state court against only BRP, U.S., Inc. D/B/A Bombardier Recreational Products, [1]-2, at the time of removal to this Court, [1], and when Plaintiffs filed their [12] Amended Complaint in this Court. That "ABC Companies" were included in this last pleading as "unknown defendants who may be responsible for the acts complained of" does not change the fact that Hattiesburg Cycles was well known to Plaintiffs.

Plaintiffs correctly cite *Hensgens v. Deere & Company*, 833 F.2d 1179 (5th Cir. 1987), for the standard to be used to determine whether a pleading should be permitted to add a party whose participation would destroy diversity jurisdiction. The four factors set forth in *Hensgens*

are: whether the primary purpose of the amendment is to defeat federal jurisdiction, whether the plaintiff was diligent in requesting the amendment, whether plaintiff will be prejudiced if the amendment is denied, and any other factors bearing on the equities. *Id*. at 1182.  Once input is received from defendants, the Court "should then balance the equities and decide whether amendment should be permitted." *Id*.

Plaintiffs' arguments for adding Hattiesburg Cycles are based on speculation: they posit that defendants may argue that the motorcycle was altered or materially changed, and Plaintiffs may have claims against Hattiesburg Cycles "for failing to take the appropriate action when the motorcycle was taken there for inspection prior to the accident."  In fact, the language of the [58] Second Amended Complaint filed without leave of Court is not much different from the Amended Complaint: each lumps the defendants together for causes of action based on negligence, gross negligence, and breach of warranties, and specifically identifies defendants Bombardier and BRP only with regard to strict liability.  Plaintiffs' alternative theories do not establish prejudice by the denial of the amendment.

In addition, Plaintiffs have "unquestionably been dilatory in asking for this amendment [seven] months into the litigation." *Montgomery v. First Family Financial Services, Inc.*, 239 F. Supp. 2d 600, 606 (S.D. Miss. 2002).  In *Montgomery*, the Court observed that plaintiff knew all along the identity of persons she dealt with in obtaining a loan.  In the instant case, Plaintiffs knew Hattiesburg Cycles sold and subsequently worked on the subject motorcycle.

As in *Montgomery*, "even if plaintiffs had some conceivable basis for proceeding against [this] proposed defendant[], the court is convinced that their purpose in undertaking to sue [this] resident defendant[] is solely to defeat diversity jurisdiction." *Id.*  This Court is likewise

convinced in the instant case: Plaintiffs filed a motion for leave to amend to add Hattiesburg Cycles, then filed the amended complaint against Hattiesburg Cycles without leave of Court, and then filed a motion to remand before a ruling could be made on the amendment that would determine if remand might be appropriate. This certainly suggests that the proposed amendment is intended to deprive this Court of jurisdiction.

Moreover, the Court in *Montgomery* went on to conclude that "the equities in this situation weigh decidedly in favor of preventing these plaintiffs from drawing more parties into this litigation, the genesis of which is unknown to one plaintiff and the basis for which is unknown to the other." *Id. See also Weathersby v. General Motors Corp.*, 2006 WL 1487025, at *3 (N.D. Miss. 2006) (denying motion to amend complaint where, *inter alia*, plaintiff knew non-diverse driver of vehicle in accident and waited to add her as a defendant). The same conclusion applies here with respect to the proposed non-diverse defendant.

For the foregoing reasons–and because the Second Amended Complaint was filed without leave of Court[1]–defendants' [74] motion to strike second amended complaint is granted and Plaintiffs' [57] motion to file second amended complaint and join additional defendant is denied.

Accordingly, **IT IS ORDERED:**

Plaintiffs' [69] Renewed Motion for an Extension of Time to Amend Pleadings or Join Parties or, in the Alternative, to Submit Additional Support is **GRANTED IN PART** and **DENIED IN PART**. Plaintiffs are allowed until no later than January 25, 2012 to file a motion to amend their pleadings or join parties only for the purpose of seeking the addition of Teleflex Canada, Inc., Teleflex Megatech, Inc., and/or Kongsberg Inc. as defendants. Any motion filed

---

[1] *See* Fed. R. Civ. P. 15(a)(2).

...

for this relief shall include a proposed amended complaint.

Plaintiffs' [57] Motion to File Second Amended Complaint and Join Additional Defendant is **DENIED**.

Defendants' [74] Motion to Strike Second Amended Complaint is **GRANTED**, and the [58] Second Amended Complaint is deemed a nullity and of no legal effect.

Plaintiffs' [54] Third Motion for an Extension of Time to Amend Pleadings or Join Parties is **DENIED AS MOOT.**

**SO ORDERED** this the 12th day of January, 2012.

                                          s/ Michael T. Parker
                                          United States Magistrate Judge