```
            UNITED STATES DISTRICT COURT
          SOUTHERN DISTRICT OF MISSISSIPPI
                  JACKSON DIVISION
```

LINDA DAVIS AND
WILLIE LEE                                            PLAINTIFFS


VS.                            CIVIL ACTION NO. 3:11CV236TSL-MTP


BOMBARDIER RECREATIONAL PRODUCTS,
INC., BRP, U.S., INC., KONGSBERG,
INC., TELEFLEX, AND TELEFLEX CANADA, INC.              DEFENDANTS


<u>ORDER</u>

This cause is before the court on the motion of defendant Kongsberg, Inc. to reconsider the court's February 11, 2013 order or, in the alternative, for certification of interlocutory appeal pursuant to 28 U.S.C. § 1292(b). Plaintiffs Linda Davis and Willie Lee have responded to the motion and the court, having considered the memoranda of authorities submitted by the parties, concludes that Kongsberg's request for reconsideration should be denied but its request for certification of interlocutory appeal should be granted.

Kongsberg, Inc. argues that the court erred in granting plaintiffs' motion for reconsideration because plaintiffs failed to demonstrate a proper basis for reconsideration under Federal Rule of Civil Procedure 59(e). However, as no judgment was entered, plaintiffs' motion for reconsideration was governed by Rule 54(d), which states:

> (b) Judgment on Multiple Claims or Involving Multiple Parties.  When an action presents more than one claim for relief--whether as a claim, counterclaim, crossclaim, or third-party claim--or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.  Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

See Dierig v. Lees Leisure Indus., Ltd., Civil Action No. 11-125-DLB-JGW, 2012 WL 669968, 2 (E.D. Ky. Feb. 28, 2012) (finding that motion to reconsider order which dismissed only one of multiple defendants and which was not followed by separate judgment of dismissal was an interlocutory order and thus not subject to Rule 59(e)).  The Fifth Circuit has held that "when a district court rules on an interlocutory order, it is 'free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law.'"  Saqui v. Pride Cent. America, LLC, 595 F.3d 206, 210 -211 (5th Cir. 2010) (quoting Lavespere v. Niagara Mach. & Tool Works, Inc., 910 F.2d 167, 185 (5th Cir. 1990), abrogated on other grounds by Little v. Liquid Air Corp., 37 F.3d 1069 (5th Cir. 1994)); see also United States v. Renda, No. 11-41203, 2013 WL 628223, 3 (5th Cir. Feb. 20, 2013) (explaining that "Rule 54(b) authorizes a district court

to reconsider and reverse its prior rulings on any interlocutory order 'for any reason it deems sufficient'") (quoting Saqui, 595 F.3d at 210–211); Iturralde v. Shaw Group, Inc., No. 12-30512, 2013 WL 599864, 1 (5th Cir. Feb. 18, 2013) (stating that "[u]nder Rule 54, a district court has 'the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient.'") (quoting Melancon v. Texaco, Inc., 659 F.2d 551, 553 (5th Cir. Unit A 1981)).  The court has explained the basis for its decision to reconsider in its opinion and order of February 11, 2013.  The motion to reconsider will be denied.

    28 U.S.C. § 1292(b) states, in pertinent part, as follows:

    (b) When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

Kongsberg, Inc. asserts that an interlocutory appeal should be permitted in this case based on the issue whether the Supreme Court's opinion in J. McIntyre Machinery, Ltd. v. Nicastro, --- U.S. ----, 131 S. Ct. 2780, 180 L. Ed. 2d 765 (2011), alters the Fifth Circuit's foreseeability standard for personal jurisdiction under the stream of commerce theory.  As yet, this remains an

3

unresolved issue in the Fifth Circuit[1]; and as the court agrees that the resolution of the issue could potentially materially advance the ultimate termination of the litigation against Kongsberg, Inc., the court will grant its request that the court's reconsideration order be certified for interlocutory appeal.

Based on the foregoing, it is ordered that Kongsberg, Inc.'s motion to reconsider is denied, and it is further ordered that its motion for certification of interlocutory appeal is granted.

SO ORDERED this 28th day of March, 2013.

/s/ Tom S. Lee
UNITED STATES DISTRICT JUDGE

---

[1] It bears noting that the issue is presently before the Fifth Circuit in <u>Ainsworth v. Moffett Eng'g, Ltd.</u>, No. 12-60155 (5th Cir.), which was accepted for consideration on interlocutory appeal. The appellate court has heard argument in the <u>Ainsworth</u> case but has not issued a decision on the appeal.